COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| JAMES LEE SWEED, | | No. 08-07-00132-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 120th District Court |
| | § | |
| JAY L. NYE, JAIME ESPARZA, | | of El Paso County, Texas |
| DISTRICT ATTORNEY OF EL PASO | § | |
| COUNTY, TEXAS, EL PASO COUNTY | | (TC # 2005-5667) |
| DISTRICT ATTORNEYS OFFICE, | § | |
| THE STATE OF TEXAS, and | | |
| THE ATTORNEY GENERAL OFFICE | § | |
| OF THE STATE OF TEXAS, | | |
| | § | |
| Appellees. | | |

**O P I N I O N**

James Lee Sweed brings this restricted appeal complaining of the trial court's dismissal for want of prosecution. For the reasons that follow, we reverse and remand.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 12, 2005, Sweed filed suit against James L. Nye, District Attorney Jaime Esparza, the Office of the District Attorney, the State of Texas, and the Texas Attorney General alleging claims for malicious prosecution and false imprisonment. In his petition, Sweed listed his address as 5121 Danny Drive, El Paso, Texas 79924. On August 31, 2006, he filed a letter with the District Clerk advising the court of a change of address to El Paso County Jail Annex, 12501 Montana, El Paso, Texas 79938. On October 24, 2006, Sweed filed a "first no evidence motion summary judgment" listing as his address the El Paso County Jail, P.O. Box 125, El Paso, Texas 79901. The

district court set a status conference for October 30, and sent notice to Sweed at the Danny Drive address. The notice was returned as not deliverable.

On October 31, the court set the Appellees' motion to dismiss for want of prosecution for hearing on November 6. Again notice was sent to the Danny Drive address and was returned unclaimed. On November 6, the district court dismissed the suit for want of prosecution. That same day, the court sent the dismissal order to the Danny Drive address which was returned undeliverable. Two days later, the District Clerk sent Sweed notice of the dismissal at 12501 Montana, County Jail Annex, El Paso, Texas 79938.

Sweed filed notice of appeal on April 24, 2007, five and a half months after the trial court dismissed his claim. *See* TEX.R.APP.P. 26.1(c)(providing that in a restricted appeal, notice must be filed within six months after the judgment or order is signed). In response to a letter from this court, Sweed filed an "Amended Notice of Appeal" on May 21, 2007, over six months after the trial court dismissed his case. *See* TEX.R.APP.P. 25.1(f). We held that the notice of restricted appeal was not timely filed and dismissed the case for want of jurisdiction. *Sweed v. Nye*, No. 08-07-00132-CV, 2009 WL 961945, *1, 2 (Tex.App.--El Paso April 9, 2009), *judgment reversed by Sweed v. Nye*, 323 S.W.3d 873 (Tex. 2010). The Supreme Court reversed and remanded, holding that a timely filed notice of appeal, which was defective but which was timely amended, invokes the court of appeals' jurisdiction for a restricted appeal. *Id*. Accordingly, we review Sweed's restricted appeal on the merits.

## RESTRICTED APPEAL

A restricted appeal is a direct attack on a judgment. *Wolf v. Andreas*, 276 S.W.3d 23 (Tex.App.--El Paso 2008, review withdrawn). It is available for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment.

*Campbell v. Fincher*, 72 S.W.3d 723, 724 (Tex.App.--Waco 2002, no pet.). To prevail on a restricted appeal, Sweed must establish that: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* TEX.R.APP.P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Here, the Supreme Court's decision in *Sweed* established that notice of restricted appeal was timely filed within the six month time frame. There is no dispute that Sweed is a party to the underlying lawsuit and no dispute that Sweed did not participate in the hearing. No post-judgment motions appear in the record. Therefore, Sweed has sufficiently established elements one, two, and three. The only remaining issue then is whether he has met the fourth element by demonstrating that error is apparent on the face of the record.

## STANDARD OF REVIEW AND APPLICABLE LAW

The trial court's authority to dismiss for want of prosecution is governed by Texas Rule of Civil Procedure 165a as well as the court's inherent power. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Under Rule 165a(1), a trial court may dismiss a suit when the party seeking affirmative relief fails to appear at trial or another hearing after receiving notice of the setting. TEX.R.CIV.P. 165a(1); *Villarreal*, 994 S.W.2d at 630. A dismissal for failure to appear under Rule 165a(1) is appropriate only when plaintiff had notice of (1) a trial on the merits; (2) a dispositive hearing; or (3) a nondispositive hearing only if the notice stated that failing to appear could result in disposition of the suit. Under common law, the trial court has the inherent power to dismiss--independent of its authority under Rule 165a--when a plaintiff does not prosecute its case with diligence. *Villarreal*, 994 S.W.2d at 630.

A trial court cannot dismiss a case without giving the plaintiff notice of its intent to dismiss. *Villarreal*, 994 S.W.2d at 630. The notice to dismiss must state whether the dismissal is: (1) for failure to appear under Rule 165a(1); (2) for failure to comply with the Supreme Court's time standards under Rule 165a(2); or (3) for failure to diligently prosecute the suit under the court's inherent power. *See Alexander*, 134 S.W.3d at 850; *Villarreal*, 994 S.W.2d at 630. When a party is not represented by counsel, the notice must be sent to the party. TEX.R.CIV.P. 165a(1); *General Elec. Co. v. Falcon Ridge Apts., Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991). A dismissal granted without notice violates the party's due process rights and must be reversed. *Villarreal*, 994 S.W.2d at 630. We review a trial court's dismissal for want of prosecution under an abuse of discretion standard. *See Villarreal*, 994 S.W.2d at 630; *see MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997).

## ANALYSIS

Sweed challenges the dismissal for want of prosecution because he did not receive proper notice and was thus denied due process. Appellees do not claim that Sweed received notice. Instead, they argue Sweed's claims are barred by absolute immunity, and because Sweed's claims fail to set out any waiver of such immunity, his suit has no arguable or factual legal basis. We address these arguments first.

Appellees rely on Texas Civil Practice and Remedies Code sections 13.001 and 14.003. Initially we note that any reliance on Section 13.001 is misplaced because Section 13.004 provides: "This chapter does not apply to a claim governed by Chapter 14." TEX.CIV.PRAC.&REM.CODE ANN. § 13.004 (West 2002). Chapter 14 of the Texas Civil Practice and Remedies Code governs a suit "brought by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate."

TEX.CIV.PRAC.&REM.CODE ANN. § 14.002. Accordingly, Sweed's suit is governed by Chapter 14 and Section 13.001 does not apply. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 13.004.

Under Section 14.003(a), a trial court may dismiss an inmate's suit if the court finds that claims asserted therein are "frivolous or malicious." TEX.CIV.PRAC.&REM.CODE ANN. § 14.003(a)(2). A claim is frivolous if it "has no arguable basis in law or in fact." *Id*. § 14.003(b)(2). Appellees argue that the trial court did not err because a district court is entitled to dismiss a frivolous lawsuit before or after service of process, with or without a hearing, and such a decision "may be affirmed on appeal if [Sweed's] claims have no arguable basis in fact or law." Appellees further contend that "[a] dismissal may be upheld on appeal on grounds that are different than those relied on by the trial court," and a dismissal for want of prosecution may be affirmed on any legal theory. In support of these contentions, they direct us to *Polk v. Braddock*, 864 S.W.2d 78 (Tex.App.--Dallas 1992, no writ). The problem with this argument is that an appellate court must affirm the dismissal "if it was proper on any ground *stated in the motion*, even if it was granted on an improper ground." [Emphasis added]. *See Polk*, 864 S.W.2d at 79.

The only ground stated in the motion to dismiss was "want of prosecution" and the record does not indicate the trial court dismissed the suit for any other reason.[1] While a plea to the jurisdiction was filed by Appellees prior to the date of dismissal, the court has not ruled upon the plea. Nothing in the record indicates the trial court dismissed the suit as frivolous, or dismissed the suit on any other grounds other than those stated in the motion. Therefore, the only issue remaining is whether the face of the record demonstrates that notice was provided to Sweed. It was not.

---

[1] The dismissal order itself states: "Be it remembered that the Court, after due notice to the attorney and/or prose of record in the above styled and numbered cause, that said cause would be dismissed, *for want of prosecution* unless there was good cause being shown, is of the opinion that the following order should be entered." [Emphasis added].

Before a lawsuit may be dismissed for want of prosecution, the trial court must mail notice of its intention to dismiss and the date and place of the dismissal hearing to each attorney of record to the address shown on the docket or in the papers on file. *Villarreal*, 994 S.W.2d at 630; *see* TEX.R.CIV.P. 165a(1). These requirements are necessary to ensure the party whose case is subject to dismissal has received due process. *See Franklin v. Sherman Independent School Dist.*, 53 S.W.3d 398, 401 (Tex.App.--Dallas 2001, pet. denied). Failure to provide adequate notice of intent to dismiss requires reversal. *See GMAC v. Fleetwood Enterprises, Inc.*, No. 10-08-00055-CV, 2009 WL 754693, at *1 (Tex.App.--Waco March 18, 2009, no pet.)(memorandum opinion), *citing Dueitt v. Arrowhead Lakes Property Owners, Inc.*, 180 S.W.3d 733, 737 (Tex.App.--Waco, 2005, pet. denied).

In a restricted appeal, the face of the record includes all documents and evidence before the trial court when it rendered its judgment and a reporter's record if one exists. *Falcon Ridge Apartments*, 811 S.W.2d at 944; *see Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). When notice bears an incorrect address, it consitutes error on the face of the record. *See Mann, Frankfort, Stein & Lipp, P.C. v. Fleetwood Management. Corp*, No. 01-99-0927-CV, 2000 WL 280438, at *2 (Tex.App.--Houston [1st Dist.] March 16, 2000, no pet.); *see also General Motors Acceptance Corp. v. City of Houston*, 857 S.W.2d 731, 733-34 (Tex.App.--Houston [14th Dist.] 1993, no writ)(because both notice of intent to dismiss and dismissal order contained improper and incomplete address, trial court abused discretion in refusing to reinstate case).

The record establishes that notice was sent to the Danny Drive address and returned as undeliverable. The record also shows that previous notices sent to the Danny Drive address were returned undeliverable. Because Sweed properly updated his address with the court, notice was inadequate on the face of the record. *See Dickerson v. Sonat Exploration Co.*, 975 S.W.2d 339, 342-

42 (Tex.App.--Tyler 1998, pet. denied)(holding that the trial court erred in failing to mail the notice of intent to dismiss to the more recent address included on the lawyer's letterhead instead of to the address listed on the party's live pleading); *Transoceanic Shipping Co., Inc. v. General Universal Systems, Inc.*, 961 S.W.2d 418, 419-20 (Tex.App.--Houston [1st Dist.] 1997, no pet.)(the court held there was error on the face of the record indicating Transoceanic did not receive the trial setting notice mailed by the clerk where notice was mailed to Transoceanic's counsel's former address and returned undeliverable, and the court noted that whether Transoceanic's counsel was at fault by failing to provide a current mailing address was not a consideration on appeal by writ of error, a non-equitable proceeding); *Fleetwood*, 2009 WL 754693, at *4 (holding dismissal for want of prosecution improper where notice of hearing was mailed to an address that was different from the most recent filings and the record and envelopes were returned undeliverable, and noting that when the notice was returned undeliverable, court personnel should have "reexamine[d] the file to determine if there [was] evidence of a more recent address"). We sustain Issue One and reverse and remand.

August 26, 2011

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.