

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00629-CV

Luis A. **URIBE**,
Appellant

v.

Sara Rodriguez **URIBE**,
Appellee

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2012-CVO-000027-C1
Honorable Alvino (Ben) Morales, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  August 30, 2013

REVERSED AND REMANDED

Luis A. Uribe brings this restricted appeal challenging the trial court's rendition of an amended decree of divorce in a bill of review proceeding.  We reverse the judgment granting the amended decree of divorce and remand the case to the trial court for further proceedings.

### BACKGROUND

On July 13, 2004, Luis filed a petition for divorce against Sara Uribe in cause number 2004-CVG-001255-C1.  On May 17, 2005, the parties purportedly reached an agreement in which Luis was to be appointed permanent managing conservator of the couple's daughter and Sara was

to be appointed possessory conservator, with standard visitation rights, to be supervised, and child support set at $161.00 per month. Entry of the divorce decree was allegedly scheduled for a later date.

Sometime thereafter, Luis apparently filed a petition to terminate Sara's parental rights. Although the record before us does not include Luis's petition, Sara alleges in her petition for bill of review that: the case was called on November 13, 2007; all parties were present; visitation rights were converted to supervised at Safe Haven, twice a week; and the case was reset to December 3, 2007, for termination of parental rights. Following a multitude of resets and no-shows on both sides, a "trial on the merits on the divorce action and termination of parental rights" was held over three years later, on August 12, 2008. Sara and her attorney were not present; Luis, his attorney, and the child's attorney ad litem were present. The divorce was granted, Luis was appointed permanent managing conservator, and Sara's parental rights were terminated. On November 13, 2008, the trial court signed the final decree of divorce.

On January 9, 2012, Sara filed a petition for bill of review claiming a meritorious defense to the action to terminate her parental rights. Sara claimed that the May 17, 2005 agreement should control and that she had neither actual nor constructive notice of the setting to terminate her parental rights because she was incarcerated from January 23, 2008 until July 19, 2010. Sara further alleged that her meritorious defense was not presented due to fraud, accident, or wrongful act by Luis, or official mistake by a clerk. Sara therefore requested restoration of her parental rights. Sara demanded a jury trial.

On March 21, 2012, a hearing was conducted on Sara's bill of review. Neither Luis nor his attorney appeared. Without hearing any evidence, the trial court granted the bill of review and asked that another divorce decree be submitted for entry. The next day, the trial court signed an "Amended Final Decree of Divorce (On Bill of Review)." In the amended decree, the trial court

ordered the provisions of the Final Decree of Divorce in cause number 2004-CVG-001255-C1 cancelled, null, and void, and further ordered that the Amended Final Decree of Divorce (on Bill of Review) take the place of, and supersede, all of the provisions of the Final Decree of Divorce signed on November 13, 2008.  The trial court found that both parties appeared on May 17, 2005, together with their attorneys, and announced that they had reached a final agreement disposing of all issues; specifically, that Luis would be appointed Permanent Managing Conservator, and Sara would be appointed Possessory Conservator, with standard visitation rights granted to Sara, to be supervised, and that child support would be set at $161.00 per month.  The trial court noted that the child's attorney ad litem was not present at the May 17, 2005 hearing.

On September 19, 2012, Luis filed his notice of restricted appeal.  On appeal, he argues the trial court erred in granting the bill of review and setting aside the 2008 divorce decree without hearing any evidence and in rendering the 2012 amended divorce decree.

**DISCUSSION**

*Restricted Appeal*

To obtain relief through a restricted appeal, Luis must establish that: (1) he filed notice of restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.  *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)); *see also* TEX. R. APP. P. 26.1(c), 30.  Here, the only issue is whether error is apparent on the face of the record.  The face of the record consists of all the papers on file in the appeal, including the reporter's record.  *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *Flores v. Brimex Ltd. P'ship*, 5 S.W.3d 816, 819 (Tex. App.—San Antonio 1999, no pet.).

"It necessarily follows that review of the entire case includes review of legal and factual insufficiency claims." *Osteen v. Osteen*, 38 S.W.3d 809, 813 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (citing *Norman Commc'ns*, 955 S.W.2d at 270); *see also In re Gravitt*, 371 S.W.3d 465, 471-72 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding [mand. denied]) ("Review by restricted appeal affords the appellant a review of the entire case, just as in an ordinary appeal, with the only restriction being that any error must appear on the face of the record.").

*Bill of Review*

A bill of review is an equitable action brought by a party to a prior action who seeks to set aside a judgment that is no longer appealable or subject to motion for new trial. *See Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979); *Elliott v. Elliott*, 21 S.W.3d 913, 916 (Tex. App.—Fort Worth 2000, pet. denied). Rule 329b(f) of the Texas Rules of Civil Procedure provides that "[o]n expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause . . ." TEX. R. CIV. P. 329b(f). The "sufficient cause" upon which a judgment may be set aside on bill of review is narrowly construed because of the policy favoring finality of judgments. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

In order to set aside a judgment by bill of review, a claimant is normally required to prove the following three elements: (1) a meritorious defense to the cause of action alleged to support the judgment; (2) which she was prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake; (3) unmixed with any fault or negligence of her own.[1]

---

[1] Relying on *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 245 (Tex. 1974), Luis contends that Sara must prove a "meritorious ground of appeal" instead of a "meritorious ground of defense." In *Petro–Chemical*, the Supreme Court approved the use of a bill of review for a defendant who fully participated in a trial on the merits in the underlying cause but did not file a motion for new trial or appeal because the district clerk failed to give notice that the judgment had been signed. *Id.*; *Ramsey v. State*, 249 S.W.3d 568, 573 (Tex. App.—Waco 2008, no pet.). In lieu of establishing a meritorious claim or defense with regard to the underlying claim, the Court held that a bill-of-review plaintiff in this scenario must establish "a meritorious ground of appeal." *Ramsey*, 249 S.W.3d at 573. We

*Baker*, 582 S.W.2d at 406-07. But when a bill-of-review plaintiff claims a due process violation for lack of notice of a trial setting, she is relieved of proving the first two elements set out above. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 87 (1988); *Mabon Ltd. v. Afri-Carib Enterprises, Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam); *Caldwell v. Barnes (Caldwell II)*, 154 S.W.3d 93, 96-97 (Tex. 2004) (per curiam). And the third element, lack of negligence, is conclusively established if the bill-of-review plaintiff can prove she was never served with process. *Mabon Ltd.*, 369 S.W.3d at 812-13; *Caldwell II*, 154 S.W.3d at 97. The Texas Supreme Court has made clear that entry of a post-answer default judgment against a defendant who did not receive notice of the trial setting or dispositive hearing constitutes a denial of due process under the Fourteenth Amendment of the United States Constitution. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989).

We review a trial court's ruling on a bill of review under an abuse-of-discretion standard. *See Ramsey v. State*, 249 S.W.3d 568, 574 (Tex. App.—Waco 2008, no pet.). In reviewing the grant or denial of a bill of review, we indulge every presumption in favor of the trial court's ruling and will not disturb that ruling unless the trial court abused its discretion. *Narvaez v. Maldonado*, 127 S.W.3d 313, 319 (Tex. App.—Austin 2004, no pet.).

*Analysis*

Luis contends the trial court erred in granting the bill of review and rendering the amended divorce decree because there was no evidence offered in support of the bill of review. Because Sara claimed she never received notice of the setting that resulted in the termination of her parental rights, Sara was relieved of proving a meritorious defense which she was prevented from making

---

disagree that the *Petro-Chemical* standard applies here. Sara did not participate in the underlying proceeding which resulted in the rendition of the 2008 divorce decree and the termination of her parental rights; in her petition for bill of review, she alleges that she had neither actual nor constructive notice of the setting to terminate parental rights.

by the fraud, accident or wrongful act of the opposing party or official mistake. *See Mabon Ltd.*, 369 S.W.3d at 812-13; *Caldwell II*, 154 S.W.3d at 97; *see also Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988) (per curiam). While Luis argues that Sara's petition for bill of review was not sufficient to establish the elements required to grant a bill of review, nothing in the record before us contradicts Sara's claim of lack of notice or affirmatively demonstrates that she was provided notice of the setting. *See Caldwell v. Barnes* (*Caldwell I*), 975 S.W.2d 535, 536 (Tex. 1998). Given the proof of lack of notice, the third requirement of a traditional bill of review—lack of negligence on Sara's part—was conclusively established. *See Mabon Ltd.*, 369 S.W.3d at 812-13; *Caldwell II*, 154 S.W.3d at 97. Accordingly, Sara met all three requirements for proceeding with her bill of review. We therefore conclude that the bill of review was properly granted.

We disagree, however, that the trial court had the authority to render the amended decree of divorce without retrying the case. Once the bill of review is granted, the complained-of judgment is set aside and the parties are returned to their original postures in the suit for divorce. A new trial is thus required. *See Boateng v. Trailblazer Health Enters., L.L.C.*, 171 S.W.3d 481, 492 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (after prima facie proof of meritorious defense was presented, trial court erred in rendering new judgment without proceeding with discovery and trial regarding merits of bill-of-review petition). Here, the reporter's record of the bill of review proceeding consists of seven pages, including the cover sheet and the court reporter's certification. There was no evidence or testimony presented at the hearing. The record is simply devoid of any evidence to support the "Amended Final Decree of Divorce (On Bill of Review)." *See* TEX. FAM. CODE ANN. § 6.701 (West 2006); *Vazquez v. Vazquez*, 292 S.W.3d 80, 84 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (if respondent in divorce case fails to answer or appear, petitioner must still present evidence to support material allegations in the petition).

Accordingly, while we conclude that the bill of review was properly granted and the 2008 divorce decree was therefore properly set aside, the trial court erred when it rendered a new divorce decree without retrying the case. *See Boateng*, 171 S.W.3d at 492. Luis has thus established that error is apparent on the face of the record before us and that he is entitled to prevail on his restricted appeal. *See Lejeune*, 297 S.W.3d at 255.

## CONCLUSION

Based on the foregoing, we hold the trial court erred in rendering the amended decree of divorce without retrying the case. We therefore reverse the trial court's judgment and remand the case to the trial court for a new trial.

Rebeca C. Martinez, Justice