**Reversed and Remanded and Memorandum Opinion filed December 22, 2016.**



In The

# Fourteenth Court of Appeals

NO. 14-15-00742-CV

**TELEZONE, INC. AND WAQAR AHMED, Appellants**

**V.**

**KINGWOOD WIRELESS, Appellee**

**On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2012-22781**

# M E M O R A N D U M   O P I N I O N

Telezone, Inc. and Waqar Ahmed bring this restricted appeal to set aside the default judgment entered in favor of Kingwood Wireless. Appellants contend that the trial court mailed notice of the trial setting and of the default judgment to an incorrect address. We reverse and remand.

## BACKGROUND

Kingwood Wireless sued appellants in 2012 for breach of contract and other related claims.[1] Appellants, through their initial counsel, answered the suit.

At some point thereafter appellants retained David M. Seeberger as new counsel. Seeberger filed a Notice of Appearance of Counsel with the trial court on June 9, 2013. The notice of appearance listed Seeberger's address as "3030 LBJ Fwy, #700[,] Dallas, TX 75234."[2]

The record indicates that, rather than mailing notices to the "3030 LBJ Fwy" address, the trial court clerk instead mailed notices to Seeberger at "5001 SPRING VL RD780[,] DALLAS, TX 75244."[3] The trial court clerk was on notice that the "5001 SPRING VL" address was incorrect at least as early as December 16, 2013, when a notice regarding an order compelling production mailed to that address was returned as undeliverable.

Kingwood Wireless appeared for trial on February 12, 2015. Appellants did not appear. The trial court held trial, heard evidence, and found appellants liable to Kingwood Wireless. The trial court signed a default judgment on March 17, 2015, awarding Kingwood Wireless $220,000 in damages, pre- and post-judgment interest, and attorney's fees. The court clerk again mailed the notice of default judgment to the incorrect address and, as with the previous notice, it was returned as undeliverable.

Appellants grew concerned that they had been unable to communicate with Seeberger, and as a result obtained new counsel in May 2015. The new counsel learned

---

[1] Ahmed was alleged to be an officer and director of Telezone.

[2] An email exhibit to a motion to compel production Kingwood Wireless filed in the trial court likewise identified Seeberger's address as "ClubCorp Building[,] 3030 LBJ Freeway[,] Suite 700[,] Dallas, TX 75234."

[3] It is not apparent from our record where the trial court clerk obtained this address; it does not appear anywhere in the clerk's record.

2

that a default judgment had been entered against appellants and filed a notice of restricted appeal on August 31, 2015.

## RESTRICTED APPEALS

A restricted appeal is available for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment. *GMAC v. Fleetwood Enters., Inc.*, No. 10-08-00055-CV, 2009 WL 754693, at *1 (Tex. App.—Waco Mar. 18, 2009, no pet.) (mem. op.); *see also* Tex. R. App. P. 30. To prevail, the appellant must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The face of the record consists of all papers on file in the appeal, including the reporter's record. *In re K.M.*, 401 S.W.3d 864, 866 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991) (per curiam)).

## ANALYSIS

Appellants contend that the default judgment should be set aside because the mailing of the notices to an incorrect address denied them their right to due process. Kingwood Wireless did not file an appellate brief.

The default judgment against appellants was signed on March 17, 2015. Appellants filed their notice of restricted appeal on August 31, 2015 — within six months of the final judgment. The notice of restricted appeal was timely and the first

requirement of a restricted appeal is satisfied. *See Ins. Co. of State of Pa.*, 297 S.W.3d at 255.

Likewise, appellants were parties to the underlying suit. Appellants were named defendants and answered the suit. Accordingly, appellants satisfied the second requirement for relief. *See id.*

The record reflects that appellants did not appear for trial and thus did not participate in the hearing that resulted in the default judgment of which they complain. The record does not reflect that appellants filed any post-judgment motions or requested findings of fact and conclusions of law. The third requirement for relief by restricted appeal is satisfied. *See id.*

Finally, we consider whether error is apparent on the face of the record. *See id.* Rule 306a of the Texas Rules of Civil Procedure provides that once a final judgment is signed, "the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail . . . ." Tex. R. Civ. P. 306a(3). Failure to give this required notice is a violation of a party's due process rights and constitutes error on the face of the record. *See In re Gravitt*, 371 S.W.3d 465, 472 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (trial court's failure to give notice of a dismissal order pursuant to Rule 306a(3) is a denial of due process); *Smith v. Shipp*, No. 05-09-01204-CV, 2010 WL 2653733, at *2 (Tex. App.—Dallas July 6, 2010, no pet.) (mem. op.) (where record showed 306a(3) dismissal notice was returned as undeliverable, failure to give notice was a violation of due process rights and constituted error on the face of the record); *see also Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86 (1988) (Texas default judgment entered without proper notice to appellant was constitutionally infirm by reason of the Fourteenth Amendment).

The record reflects that Seeberger identified his address in his notice of appearance as "3030 LBJ Fwy, #700[,] Dallas, TX 75234." The record reveals no

4

different address provided by Seeberger. Instead of sending notices to the "3030 LBJ Fwy" address, the trial court sent notices to Seeberger at "5001 SPRING VL RD780[,] DALLAS, TX 75244." The record reveals that one notice regarding an order compelling production mailed to that address was returned to the court clerk on December 16, 2013, stamped "RETURN TO SENDER," "UNABLE TO FORWARD," and "NOT DELIVERABLE AS ADDRESSED."

Although the returned notice was in the trial court's file, the court clerk nevertheless sent the notice informing appellants that a default judgment had been entered against them to Seeberger at the incorrect "5001 SPRING VL" address. The notice was returned as undeliverable in April 2015.

Error is apparent on the face of the record because the record affirmatively reflects that the trial court sent notice of the default judgment to an address different from the address identified by appellants' counsel in his initial document filed with the court. *See, e.g., Sweed v. Nye*, 354 S.W.3d 823, 827 (Tex. App.—El Paso 2011, no pet.) ("When notice bears an incorrect address, it constitutes error on the face of the record."); *Shipp*, 2010 WL 2653733, at *2 (finding error on the face of the record where notice of order of dismissal was returned in an unaddressed envelope); *Fleetwood Enters., Inc.*, 2009 WL 754693, at *4 ("In light of pleadings listing the correct address of GMAC's counsel, notice mailed to the incorrect address, and envelopes returned undeliverable, the record demonstrated that GMAC did not receive notice of the intent to dismiss for want of prosecution. Error is, therefore, apparent from the face of the record."); *Burress v. Richardson*, 97 S.W.3d 806, 807 (Tex. App.—Dallas 2003, no pet.) (reversing post-answer default judgment where court clerk sent notices of trial setting to incorrect addresses, and noting that, "[o]nce the court clerk received the returned notices marked undeliverable as addressed, the court clerk had a duty to re-examine the file to determine if there was evidence of a correct address. . . . Upon re-

examination, the court clerk would have found such evidence in Richardson's live pleading, to which Burress responded."); *Gen. Motors Acceptance Corp. v. City of Houston*, 857 S.W.2d 731, 733-34 (Tex. App.—Houston [14th Dist.] 1993, no writ) (finding error on face of record where notice of intent to dismiss for want of prosecution and actual dismissal order contained an improper and incomplete address).[4]

Having concluded that appellants have satisfied the four requirements necessary to obtain relief through a restricted appeal, we sustain appellants' issues.

## CONCLUSION

We reverse the trial court's judgment and remand the cause for further proceedings.

/s/ William J. Boyce
   Justice

Panel consists of Chief Justice Frost and Justices Boyce and Christopher.

---

[4] Appellants complain also that the notice of trial setting was sent to the incorrect address. Texas Rule of Civil Procedure 245 requires notice to parties of trial settings, and failure to provide such notice also constitutes a violation of due process rights. *See* Tex. R. Civ. P. 245; *Transoceanic Shipping Co. v. Gen. Universal Sys., Inc.*, 961 S.W.2d 418, 420 n.2 (Tex. App.—Houston [1st Dist.] 1997, no writ). The record does not indicate where the docket control order setting the trial date was mailed, but the address for Seeberger listed on the docket control order was the "5001 SPRING VL" address. However, because we have determined that error is apparent on the face of the record as a result of the failure to provide notice of the default judgment, we need not reach any alleged failure to provide notice of the trial setting.